# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE B. PENILTON IV,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BENTON, et. al.,<br><br>　　　　　Defendants.<br>_____/ | CV F   05 691 AWI SMS P<br><br>ORDER DIRECTING CLERK OF COURT TO RETURN SECOND AMENDED COMPLAINT SUBMITTED ON DECEMBER 19, 2005.<br><br>ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(Doc. 1, 11) |

Willie B. Penilton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 23, 2005. On June 24, 2005, Plaintiff filed an Amended Complaint. On December 19, 2005, Plaintiff submitted a Second Amended Complaint which was lodged with the Court.

**A. SECOND AMENDED COMPLAINT**

A plaintiff may amend his complaint once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a). Fed.R.Civ.P. 15(a); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). While the Court should freely give leave to amend if justice requires, the Court may deny leave to amend if the amendment would be futile or subject to dismissal. Bonn, 59 F.3d at 845; Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

As noted above, Plaintiff has amended his complaint once prior to December 19, 2005,

when he submitted a Second Amended Complaint. Plaintiff did not seek permission to file the Second Amended Complaint as is required by the rules. Moreover, the Second Amended Complaint appears to be almost identical to the Amended Complaint with the except of a new signature and notation regarding Plaintiff's Counsel. As Plaintiff did not seek the requisite permission to file yet another Amended Complaint, the Court will DIRECT the Clerk of Court to RETURN the lodged documents to Plaintiff.

**B. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**C. SUMMARY OF COMPLAINT**

The Complaint names George Benton, Plaintiff's appellate attorney, the California Appellate Project and Corcoran State Prison as Defendants. Plaintiff lists numerous complaints against his appellate counsel as well as the California Appellate Project all surrounding his

criminal appeal.  In addition, Plaintiff complains he has had several difficulties while confined at Corcoran with his legal work and mail.  Plaintiff states that his mail has been wrongfully destroyed, confiscated and lost.

**D. RELEVANT LAW**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

*1. Improper Defendants*

Plaintiff names as Defendants Corcoran State Prison, the California Appellate Project and George G. Benton, his appellate Attorney.

As a preliminary matter, Corcoran State Prison is not a person for the purposes of a Section 1983 action.  See, Alabama v. Pugh, 438 U.S. 781, 782 (1978) (concluding that suit against the state Board of Corrections was barred by the eleventh amendment).  While the California Appellate Project and George Benton might be proper defendants in a civil action, the allegations made in the instant complaint against them do not concern the conditions of Plaintiff's confinement, they concern events surrounding his criminal appeal.  Therefore, the allegations and the Defendants named are not proper in a Section 1983 action. Should Plaintiff

wish to pursue claims against the latter two Defendants, he may wish to file a separate civil action. However, these individuals and the claims against them are improper in the action filed here and must be dismissed.

*2. Legal Property*

The only allegation concerning the conditions of Plaintiff's confinement are that Plaintiff's property was wrongfully confiscated, lost, stolen or destroyed does not state a claim for relief under section 1983, as such an action does not violate plaintiff's federal constitutional rights.

Plaintiff does not allege who was responsible for the destruction, confiscation, or loss of his property. Plaintiff may have no idea who stole his property. Even if Plaintiff were able link a prison employee to the theft, the theft of the property would not give rise to a claim for relief under section 1983 against the prison employee. "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

*3. Access to Courts*

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Although Plaintiff has generally alleged a denial of access to the Courts he alleges

4

insufficient facts that demonstrate a cognizable access to courts claim.

  *4. Attachments to Complaint*

  The Court notes that Plaintiff has attached numerous exhibits to each Complaint he has submitted to the Court. The Court wishes to inform Plaintiff that evidence is not required to state a claim for relief. Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47. The rule does not require the submission of evidence at this stage, nor does it require a lengthy recitation of facts. Only a "short and plain statement of the claim showing that the pleader is entitled to relief" is required. Fed.R.Civ.P. 8(a). Further, the court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court).

**D. CONCLUSION**

  The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the defendants. The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

  Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Second Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

  Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

5

be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to RETURN the lodged Second Amended Complaint to Plaintiff;

2. The Clerk of Court is also DIRECTED to SEND Plaintiff a blank civil rights complaint form;

3. The Amended Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File a SECOND Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   January 6, 2006**              /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE