1
2
3
4
5
6           UNITED STATES DISTRICT COURT
7           EASTERN DISTRICT OF CALIFORNIA
8
9    **WILLIE B. PENILTON IV,**              1:05-0691-AWI-SMS-P
10                                            **ORDER GRANTING MOTION FOR**
                **Plaintiff,**                **RECONSIDERATION**
11
     **vs.**                                  **ORDER DIRECTING CLERK OF**
12                                            **COURT TO RE-OPEN CASE AND FILE**
                                              **LODGED AMENDED COMPLAINT**
13
     **GEORGE BENTON et al.,**                **ORDER REFERRING ACTION TO**
14                                            **MAGISTRATE JUDGE**
                **Defendants.**
15   _____/        **(Document #19)**
16
17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights
18   action pursuant to 42 U.S.C. § 1983.  On June 27, 2006, the court adopted the Magistrate Judge's
19   Findings and Recommendations and dismissed this action for Plaintiff's failure to comply with
20   the court's order to file an amended complaint.   On July 14, 2006, Plaintiff filed a motion for
21   reconsideration, along with a proposed amended complaint.    Plaintiff claims that he has had
22   problems obtaining copies of documents and accessing the legal library.
23          The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d
24   1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992).
25   Motions for reconsideration are disfavored, however, and are not the place for parties to make
26   new arguments not raised in their original briefs.   Northwest Acceptance Corp. v. Lynnwood
27   Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).   Nor is reconsideration to be used to ask the
28   court to rethink what it has already thought.   United States v. Rezzonico, 32 F.Supp.2d 1112,

                                              1

1  1116 (D.Ariz.1998).  Motions to reconsider are committed to the discretion of the trial court.

2  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d

3  456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly

4  convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water

5  Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part

6  on other grounds, 828 F.2d 514 (9th Cir. 1987).   When filing a motion for reconsideration,  Local

7  Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to

8  exist which did not exist or were not shown upon such prior motion, or what other grounds exist

9  for the motion."

10        In his motion, Plaintiff claims that he did not receive all of the court's orders giving him

11  the deadlines for filing an amended complaint.   Plaintiff also provides evidence of difficulties he

12  has encountered at the law library while prosecuting this action.  Plaintiff is advised to pay

13  careful attention to all court deadlines.   However, in the interests of justice, the court will re-

14  open this action because the action was only dismissed for Plaintiff's failure to comply with court

15  orders.

16        According, the court orders that:

17        1.      Plaintiff's motion for reconsideration is GRANTED;

18        2.      The Clerk of the Court is DIRECTED to re-open this action and file the amended

19                complaint lodged on July 31, 2006; and

20        3.      This action is referred to the Magistrate Judge for further proceedings.

21

22  IT IS SO ORDERED.

23  **Dated:    October 12, 2006           _____/s/ Anthony W. Ishii_____**
    0m8i78                                 UNITED STATES DISTRICT JUDGE

24

25

26

27

28