# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE B. PENILTON IV, | 1:05-cv-00691-AWI-SMS PC |
| Plaintiff, | |
| v. | ORDER DIRECTING CLERK OF THE COURT TO REDESIGNATE CASE, REASSIGN JUDGES, AND SEND NOTICE OF NEW CASE NUMBER |
| BENTON, et al., | |
| Defendants. / | |

Plaintiff, Willie B. Penilton IV ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint was filed on May 23, 2005, and the Clerk of Court designated the action as a prisoner civil rights case. (Doc. 1.) On June 24, 2005, plaintiff filed an Amended Complaint. (Doc. 11.) On January 10, 2006, the court dismissed the Amended Complaint for failure to state a claim, with leave to file a Second Amended Complaint within thirty days. (Doc. 13.) On April 17, 2006, plaintiff was granted a thirty-day extension of time to file the Second Amended Complaint. (Doc. 16.) On June 27, 2006, the case was dismissed for plaintiff's failure to comply with the court's order, and judgment was entered. (Docs. 14, 17, 18.) On July 13, 2006, plaintiff filed a motion to reinstate the complaint. (Doc. 19.) On July 31, 2006, plaintiff lodged a Second Amended Complaint. (Doc. 20.) On October 13, 2006, plaintiff's motion to reinstate the complaint was granted, and the case was reopened. (Doc. 21.) The Second Amended Complaint was filed on October 13, 2006. (Doc. 22.)

1  In the Second Amended Complaint, plaintiff names as defendants the Central California
2 Appellate Project ("CCAP"), George Benton (Attorney, CCAP), William J. Arzbaeeher III, and
3 Florence Hoffman, for violation of his civil rights while representing him during his criminal appeal.
4 Plaintiff requests money damages and injunctive relief.

5  The present action does not involve prison conditions of confinement.  Plaintiff's claims
6 relate to legal malpractice and include fabrication of documents, preparation of false documents, due
7 process violations, denial of access to court, false imprisonment, and infliction of mental distress.
8 In the Second Amended Complaint, plaintiff argues that his criminal conviction should have been
9 dismissed without question and states that "this has nothing to do with prisoners rights." (Second
10 Amended Complaint at p 2.)  Therefore, the designation of this action must be changed from a
11 prisoner civil rights case to a regular civil case.

12  Based on the foregoing, the Clerk of the Court is DIRECTED to:
13  1. Change the designation of the present action to reflect that of a regular civil case;
14  2. Randomly assign new judges to the case; and
15  3. Send a notice of the new case number to all parties in this action.
16 IT IS SO ORDERED.
17 **Dated:    September 15, 2008**            /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE