# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE B. PENILTON, | ) | 1:05-cv-00691 OWW GSA |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING PLAINTIFF TO SHOW |
| | ) | CONTINUED INTENT TO PROSECUTE THIS |
| v. | ) | ACTION AND TO PROVIDE THE COURT |
| | ) | WITH HIS CURRENT ADDRESS |
| GEORGE G. BENTON et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, appearing pro se, filed the instant pro se civil rights compliant under 42 U.S.C. § 1983 on May 23, 2005. Plaintiff's last communication with this court was on October 13, 2006 when he filed his second amended complaint.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order. See, Link v. Wabash R.R., 370 U.S. 626, 633 (1962), McKeever v. Block, 932 F. 2d 795, 797 (9th Cir. 1991). But such dismissal should only be ordered when the failure to comply is unreasonable. Id. A court should afford the litigant prior notice of its intention to dismiss. See, Malone v. United States Postal Service, 833 F. 2d 128, 133 (9th Cir. 1987).

Plaintiff has not communicated with the court for over two years. Proceeding with this case would be fruitless if Plaintiff cannot be located. In the interests of justice and judicial

efficiency, the court will not proceed with this action until Plaintiff informs the court of his continued intent to prosecute this action.

Accordingly, no later than **thirty (30)** days of the date of this order, Plaintiff shall file with the court a notice of his current address and his continued intent to prosecute this action. **Failure to comply with this order will result in dismissal of this action.** See, Malone, 833 F. 2d at 133 (the district court should afford the litigant prior notice before dismissing for failure to prosecute.).

IT IS SO ORDERED.

Dated:   **January 9, 2009**              /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE