# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE B. PENILTON, | ) | 1:05-cv-00691 OWW GSA |
| | ) | |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Plaintiff, | ) | RECOMMENDING THAT THE CASE BE |
| | ) | DISMISSED |
| v. | ) | |
| | ) | |
| GEORGE G. BENTON et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Plaintiff, appearing pro se, filed the instant pro se civil rights compliant under 42 U.S.C. § 1983 on May 23, 2005. Plaintiff's last communication with this court was on October 13, 2006 when he filed his second amended complaint. On January 9, 2009, this court ordered that no later than **thirty (30)** days of the date of the order, Plaintiff shall file with the court a notice of his current address and his continued intent to prosecute this action. The thirty (30) day period has now expired, and plaintiff has not filed a notice of his current address or informed the court that he intends to prosecute the action.

    Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order. See, Link v. Wabash R.R., 370 U.S. 626, 633 (1962), McKeever v. Block, 932 F. 2d 795, 797 (9th Cir. 1991). But such dismissal should only be ordered when the failure to comply is unreasonable. Id. A court should afford the

litigant prior notice of its intention to dismiss.  See, Malone v. United States Postal Service, 833 F. 2d 128, 133 (9th Cir. 1987).

      Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

      In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

      In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.

1  Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring
2  disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
3  discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order
4  will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v.
5  Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's
6  order expressly stated: "Failure to comply with this order will result in dismissal of this action."
7  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with
8  the court's order.

9       Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on
10 plaintiff's failure to obey the court's order of January 9, 2009.

11      These findings and recommendations are submitted to the United States District Judge
12 Oliver W. Wanger, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days
13 after being served with these findings and recommendations, plaintiff may file written objections
14 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
15 and Recommendations."  The plaintiff is advised that failure to file objections within the
16 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
17 F.2d 1153 (9th Cir. 1991).

18
19     IT IS SO ORDERED.
20     Dated:   **February 18, 2009**                    **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE